Dear Representative Askins,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. In light of amendments to Sections 180.62 and 180.74 of Title19 of Oklahoma Statutes, both of which provide minimum andmaximum salaries for county officers, who determines what is tobe that basic salary within those limits?
2. Who determines the basic salary and increases to the basicsalary of officers in counties operating pursuant to the CountyBudget Act? What role does the county budget board play indetermining the salaries of county officers?
3. What elements of compensation to county officers areconsidered salary for purposes of computing the amount which maybe paid to county officers? I.e., does salary includecontributions to a retirement system or fund, insurance premiums,social security payments or other deferred payments of salaries?
¶ 1 Sections 180.62 and 180.74 of Title 19, dealing with salaries of county officers, were amended during the 1998 legislative session. Section 180.62, amended by Senate Bill No. 1245, applies to counties which have not approved ad valorem tax exemption. 1998 Okla. Sess. Laws ch. 195. Section 180.74 of Title 19 sets salaries of county officers in counties which have approved ad valorem tax exemption. Section 180.74 was amended by House Bill 2968.[1] 1998 Okla. Sess. Laws ch. 258. In both instances, Sections 180.62 and 180.74 had previously set maximum annual salaries ranging from $19,000 to $24,500; the amendments made those previous maximums into minimum salaries, and set new allowable maximums which range from $39,000 to $44,500. 1998 Okla. Sess. Laws ch. 195.
 I. WHO DETERMINES SALARIES
¶ 2 You wish to know, in light of the passage of these new salary ranges, who determines the basic salaries within the minimums and newly established maximums called for in the new amendments. Specifically, you ask in your first question whether the county commissioners, the county excise board or some other entity sets the county officers' salaries. As the discussion below shows, although there are two types of counties and two types of county officers, the answer to your question is the same in each instance: salaries are determined by the board of county commissioners. This is also true regardless of whether the County Budget Act is used.
A. TYPES OF COUNTIES AND COUNTY OFFICERS
¶ 3 Salaries and compensation of all county officers are determined by the salaries and compensation section (hereinafter "Salary Act"), codified at Sections 180.58 through 180.83 of Title 19. But even though there is only one broad Salary Act for all Oklahoma counties, the law within that act used to determine who sets the salaries of county officers is not the same for all counties. Rather, the Salary Act is divided into two parts, depending on whether a county has approved an exemption to ad valorem taxation.
¶ 4 Sections 180.58 through 180.68 of Title 19 apply to all counties which "do not approve an exemption of household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of Section 6 of Article X of the Oklahoma Constitution." 19 O.S.Supp. 1998, § 180.58[19-180.58]. In the rest of this Opinion, these counties shall be referred to as "counties not approving ad valorem tax exemption."
¶ 5 Sections 180.71 through 180.83 of Title 19 "apply to all counties which approve an exemption of household goods of the heads of families and livestock employed in support of the family from ad valorem taxation pursuant to the provisions of Section 6 of Article X of the Oklahoma Consitution." 19 O.S. Supp. 1998, §180.71[19-180.71]. In the rest of this Opinion, these counties shall be referred to as "counties approving ad valorem tax exemption." As will be noted below, the statutory provisions setting the salaries in these two types of counties are different.
¶ 6 Regardless of the ad valorem tax status of counties in Oklahoma, all elected county officers are classified into two groups under the Salary Act. Group one consists of "[e]nforcement officers or those charged with enforcing the laws relating to public peace and safety; the county sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners."19 O.S. Supp. 1998, §§ 180.61[19-180.61](1), 180.73(1). Group two consists of "[o]ther elective county officers." 19 O.S. Supp. 1998, §§180.61[19-180.61](2), 180.73(2).
B. GROUP TWO OFFICERS IN ALL OKLAHOMA COUNTIES
¶ 7 In both counties approving ad valorem tax exemption and counties not approving ad valorem tax exemption, salaries for elected officials in group two "shall be fixed by the board of county commissioners except where otherwise provided by law." 19O.S.Supp 1998, §§ 180.62[19-180.62](B), 180.74(B). Therefore, unless a specific statute exists to the contrary for any officer in group two, the answer to your question is as follows: the board of county commissioners sets the salaries of all elected county officers except "[e]nforcement officers or those charged with enforcing the laws relating to public peace and safety; the county sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners." This is true both in counties which have approved ad valorem tax exemption and those which have not approved ad valorem tax exemption.
¶ 8 The next question deals with who sets the salaries of elected officers in group one. Amendments in House Bill 2968 have simplified your question — at least in counties approving ad valorem tax exemption.
C. GROUP ONE OFFICERS IN COUNTIES APPROVING AD VALOREM TAXEXEMPTION
¶ 9 Basic salaries of county officers in these counties are set in Section 180.74(b) of Title 19. Before the passage of the bills noted above, this section read:
 In all counties of this state, the total annual salaries of each of the county officers named in paragraph 2 of Section 5 of this act shall be fixed by the board of county commissioners except where otherwise provided by law, and in each county the salary last fixed by the board of county commissioners before the election or appointment of any such officer shall be the applicable salary for such county officer for the ensuing term.
¶ 10 "[P]aragraph 2 of Section 5 of this act" refers to Section 180.73 of Title 19, which divides county officers into two groups, as discussed above. Section 180.74 was amended by Senate Bill 1245, as approved May 4, 1998. The amendment reads:
 In all counties of this state, the total annual salaries of each of the county officers named in paragraph 2 of Section 5 180.73 of this act title shall be fixed by the board of county commissioners except where otherwise provided by law, and in each county the salary last fixed by the board of county commissioners before the election or appointment of any such officer shall be the applicable salary for such county officer for the ensuing term.
1998 Okla. Sess. Laws ch. 195, § 5(B).
¶ 11 From this, it is obvious there were no substantive changes in the statute, and that the amendments were merely intended to make clearer the section of the law being referred to. However, on May 27, 1998, the Legislature passed House Bill 2968. Contained in that bill was a section which repealed this section as set forth in Senate Bill 1245.1998 Okla. Sess. Laws ch. 258, § 4.[2] As a result of the passage of House Bill 2968, Section 180.74(B) reads as follows:
 In all counties of this state, the total annual salaries of each of the county officers named in Section 180.73 of this title shall be fixed by the board of county commissioners except where otherwise provided by law, and in each county the salary last fixed by the board of county commissioners before the election or appointment of any such officer shall be the applicable salary for such county officer for the ensuing term.
19 O.S. Supp. 1998, § 180.74[19-180.74](B).
¶ 12 A comparison between this newly amended statute and the version which preceded it clearly indicates that the language "paragraph 2 of" was removed from the section. As a result, it now states that the salaries of "each of the county officers named in Section 180.73 of this title" are to be set by the county commissioners. There are no strikethroughs (indicating deletions) or underlines (indicating additions)[3] anywhere in the legislation dealing with subsection B.
¶ 13 Based on a holding by the Oklahoma Supreme Court, it would appear the amendment is valid despite the absence of strikethroughs or deletions. In Parker v. Blackwell ZincCompany, 324 P.2d 958 (Okla. 1958) (overruled on othergrounds), the Court noted that "[w]here a section, expressly amendatory of another section of a statute, purports to set out in full all that it is intended to contain, any matter which was in the original section, but not in the amendatory section, is repealed by the omission." Id at 960 (citation omitted). Here, as there, the Legislature amended a section of the law two times in one session. In the latter amendment, language contained in the earlier was omitted.
 In our opinion the second Act completely obliterated the prior amendatory section as such. Therefore, we do not have two related statutes to construe for the purpose of arriving at the legislative intent as was the case in State v. Prairie Oil Gas Co., 64 Okl. 267, 167 P. 756. Here we have only one statute on the subject which is the one last enacted and which does not contain the three-year provision. It is possible that the omission of the three-year provision in the second Act was unintentional since the Legislature left unchanged a provision in Sec. 24, which extends the time for giving notice of an injury caused by an occupational disease to eighteen months after the last hazardous exposure. But we cannot speculate as to the Legislature's unexpressed intention in the face of an unequivocal legislative enactment.
Id. It continued:
 It is plain from the authorities in this state and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely, and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment "to read as follows." It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the Legislature.
Id. (citation omitted).
¶ 14 It therefore does not matter that the Legislature did not utilize its traditional method of using strikethroughs and underlines when amending this statute. Section 180.74 as passed in House Bill 2968 supersedes all previous provisions of that law. Therefore, in counties which have approved ad valorem tax exemption, the salaries of all county officers are set by the board of county commissioners.
D. GROUP ONE OFFICERS IN COUNTIES NOT APPROVING AD VALOREM TAXEXEMPTION
¶ 15 The parallel provision for these counties is found at Section 180.62 of Title 19. It reads:
 In all counties of this state, the total annual salaries of each of the county officers named in paragraph 2 of Section 180.61 of this title shall be fixed by the board of county commissioners except where otherwise provided by law, and in each county the salary last fixed by the board of county commissioners before the election or appointment of any such officers shall be the applicable salary for such county officer for the ensuing term.
19 O.S. Supp. 1998, § 180.62[19-180.62](B).
¶ 16 Although included in Senate Bill 1245, this section was not amended by the bill. The language is silent as to county officers in category one. Because the statute is silent as to who sets the salaries of these officers, we turn to previous law to determine who, historically, has set these salaries.
¶ 17 In Oklahoma Supreme Court holdings which were handed down before the Salary Act went into effect, the county commissioners set the salaries of all county officers. See, e.g., Hadlock v.Board of Commissioners of G County, 49 P. 1012, 1013 (Okla. Terr. 1897) ("Under the law, it is made the duty of the board of commissioners to fix the amount of the salary to be paid as compensation to the county treasurer."). See also Bennett v.State, 150 P. 198, 200-01 (Okla. 1915) ("The Legislature . . . may vest in the boards of county commissioners the discretionary authority of determining the amount of salary of county officers within the limit of such maximum and minimum salary, except the salary of such county commissioners."). In the absence of statutory language to the contrary, this ability to set salaries of elected county officials must still exist today. See 19 O.S.1991 § 3[19-3] ("The powers of a county as a body politic and corporate shall be exercised by its board of county commissioners."); 19 O.S. Supp. 1998, § 180.65[19-180.65](F) (the commissioners have the power to "recommend the total amount of funds that can be used for the combined salaries in each of the county offices"). Accompanying this ability to recommend is the mandate that "the funding for such offices shall continue to be the responsibility of the county excise board," and the additional mandate that "[c]ounty officers shall have no authority to make salary commitments beyond the amount of the funding so provided." Id.
¶ 18 Therefore, the answer to your first question is as follows: in counties which have approved ad valorem tax exemption and counties which have not approved such an exemption, the salaries of all county officers are set by the board of county commissioners.
 II. COUNTIES USING COUNTY BUDGET ACT
¶ 19 Alternate procedures employ the use of a county budget board and are found in the County Budget Act ("Budget Act"), Sections 1401 through 1421 of Title 19. The county budget board consists of "each elected county officer." 19 O.S. 1991, §1407[19-1407]. The Budget Act is an alternate method of budgeting funds used by county governments. The Budget Act provides that once a county has selected this method to govern its budget procedures, the act takes precedence over any other State laws applicable to county budgets. 19 O.S. 1991 § 1403[19-1403].
¶ 20 Although the method of preparing the budget may be different in these counties, that does not mean the method by which salaries are set is different. In that regard, a provision in the Salary Act specifically states that, in counties which have not approved the ad valorem tax exemption:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in paragraph 1 of Section 180.61 of this title, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1998, § 180.67[19-180.67].
¶ 21 Likewise, in counties which have approved the ad valorem tax exemption:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state which have approved an exemption of household goods of the heads of families and livestock employed in support of the family pursuant to the provisions of Section 6 of Article X of the Oklahoma Constitution, and no county officer in paragraph 1 of Section 180.73 of this title, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1998, § 180.82[19-180.82].
¶ 22 Unlike the County Budget Act, which is merely a procedural code designed to be an alternative to the budget procedures set forth in Title 68, see A.G. Opin. 96-14, the Salary Act is designed to be an all-encompassing code applicable to all counties.
¶ 23 Therefore, the answer to your second question is as follows: the basic salaries of all county officers in counties which operate under the County Budget Act are set by the board of county commissioners.
 III. WHAT CONSTITUTES SALARY
¶ 24 You next ask what elements of compensation for county officers are considered "salary" for purposes of computing the amount to be paid to an officer, asking whether "salary" includes contributions to a retirement system, insurance premiums, social security payments or other deferred payments of salaries.
¶ 25 "Salary" is generally defined as a "reward or recompense for services performed." BLACK'S LAW DICTIONARY 1337 (6th ed. 1990). In a more limited sense, it is defined as a "fixed periodical compensation paid for services rendered," or one paid by a fixed period, as opposed to wages, which are paid based on an hourly rate. Id. This is opposed to an "emolument," which includes something "received as a compensation for services, or which is annexed to the possession of office as salary, fees and perquisites," or "[a]ny perquisite, advantage, profit or gain arising from the possession of an office." Id. at 524 (emphasis added). Comparing the two terms, it appears that the term "salary" may consist of a predetermined amount to be paid which constitutes only a part of an official's total emolument or benefits package.
¶ 26 This difference can be demonstrated by examining statutes governing insurance premiums, one of the benefits in an official's benefits package about which you inquire. Counties can participate in group life and health insurance programs in the same manner as do State employees. 74 O.S. Supp. 1998, §1315[74-1315](A). The provisions of such plans are referred to in terms of "benefits." Id. Counties participating in such plans are required to pay into a State fund established for such insurance up to an amount established by the State and Education Employees Group Insurance Board. 74 O.S. Supp. 1998, 1310; however, another statutory provision provides that employees also contribute to the fund, with the money to be "deducted from the monthly salaries of such employees." 74 O.S. 1991, § 1911[74-1911]
(emphasis added). This language indicates a difference between money deducted from one's "salary" and money contributed by the employing entity as part of a benefits or compensation package. It also answers one of your questions in this section; insurance benefits do not constitute a portion of a county officer's salary, except to the extent the officer supplements that portion contributed by the State with additional money which is deducted from the monthly paycheck.
¶ 27 The same kind of analysis is applicable when analyzing statutes dealing with a county retirement fund. Statutes allow counties with populations of 300,000 or greater to establish a county retirement fund pursuant to Sections 951 through 962 of Title 19. This County Employees' Retirement System specifically provides that the fund is "to be supported by joint contributions by such county and the employees[4] to be benefited." 19O.S. 1991 § 951[19-951], and the county is authorized to "provide for . . . the amount of contributions to be made by the county and the amount to be made by the employees." 19 O.S. 1991, § 952[19-952]. That these statutes specifically divide responsibility for retirement payments between the salaried employee and the county is indicative the Legislature intended a retirement package costs be borne by both the employee and the county itself. That portion of retirement benefits contributed by the county, see 19 O.S.Supp 1991, § 954[19-954] is not a part of the employee's salary, but rather constitutes a separate portion of the entire benefits package an employee is eligible to receive. On the other hand, that portion which is contributed by the county employee into the fund which is deducted from the employee's paycheck, see 19O.S. Supp. 1991, §§ 954[19-954], 956, and Supp. 1998, § 956.2, constitutes part of a "salary."
¶ 28 This idea of a benefit which is funded partly by contributions from the county and partly by the officer with deductions from a paycheck also applies to a retirement system for elected county officials from any county regardless of size, see 74 O.S. Supp. 1998, § 902[74-902](13) (defining county as "[e]ligible employer") and (14) (defining "[e]mployee" as "any officer or employee of a participating employer); 74 O.S. Supp.1998, § 913.4[74-913.4](A) (elected official's ability to participate in plan, noting that both "[e]mployer and employee contributions" must be remitted monthly).
¶ 29 You also inquire about Social Security payments. As above, the laws dealing with Social Security distinguish "wages" or "remuneration". made by an employee from payments made on behalf of an employee by an employer. 42 U.S.C. § 409. See generally
42 U.C.S. §§ 301 et seq., 401 et seq. (establishing trust fund, identifying sources of funding, providing for payment). As with the State Legislature, above, the use of different terms dealing with Social Security indicates a congressional intent that a portion of the employee's benefits be paid by the employee. That portion is deducted from the employee's wages. There is also congressional intent that a portion of the employee's benefits be paid by the employer. That portion is not deducted from the employee's wages, and cannot be considered a part of one's salary.
¶ 30 You also inquire as to whether a plan which allows a deferred payment of salary constitutes part of the salary. Oklahoma statutes provide for a tax sheltered income deferment plan, which is also available to county officers. See Sections 1701 through 1707 of Title 74. Under the plan, an employee can opt to deduct a portion of his "compensation" before his paycheck is issued. 74 O.S. Supp. 1998, § 1701[74-1701], thus lowering his taxable income. 26 U.S.C. § 408(a). This deferred payment plan is done at the employee's option, and the amount is deducted before his/her paycheck is issued. Therefore, although the word "compensation" is used in the statute, it is at the employee's option, and does not affect other portions of the compensation package. It is therefore intended to be a part of the "salary," as opposed to other emoluments the officer receives.
¶ 31 The Oklahoma statutes provide another option under this income deferment plan. The State retirement system will contribute money toward retirement, provided it is matched by the employee. 74 O.S. Supp. 1998, § 1707[74-1707]. Therefore, under the analysis set forth above, the portion contributed by the State retirement fund is not a part of the county official's salary. The portion contributed by the county official constitutes a portion of the salary in that it is deducted from his/her paycheck.
¶ 32 That there is a distinction between what constitutes one's salary and what constitutes other portions of a broader benefits package can be shown by examining another section of Oklahoma law. Sections 18-114.5 and 18-114.6 of Title 70, which deal with teachers' salaries, state that public school teachers "shall receive in salary and/or fringe benefits" certain amounts set forth in the statutes. The statutes further state that when determining minimum salaries, "`fringe benefits' shall mean all or part of hospital or medical benefits, and sickness, accident, health or life insurance, and retirement benefits," excluding certain contributions made by teachers' employers. While reference to this section dealing with teachers' salaries does not answer the question as it pertains to salaries of county officers, it does show that the Legislature recognizes the difference between what is part of one's paycheck and what is part of a broader benefits package; and the necessity to define the terms in the teachers' salary statutes can be viewed as evidence the Legislature does not normally consider salary as including other parts of a wider benefits package.
¶ 33 In arriving at this interpretation, we are not unmindful of a previous Attorney General Opinion which touched on the question you ask here. In Attorney General Opinion 78-224, the issue was whether the county could increase contributions into a retirement fund, insurance premium or social security payment on behalf of a county officer without running afoul of the Oklahoma Constitution Article XXIII, Section 10, which prohibits a change in the salary or emolument of any public official during his term of office. The Opinion, in holding such payments were deferred payments of salaries, relied on Spearman v. Williams,415 P.2d 597 (Okla. 1966). The question before the Spearman Court was whether reimbursement for expenses incurred by State Representatives in maintaining district offices constituted "compensation," "salary" or "emoluments." In arriving at its conclusion the reimbursements were none of those terms, the Court defined the word "compensation" to be synonymous with "salary, pay or emolument, and is intended to convey the idea of reward for, or compensation for official services." Id. at 600. The Attorney General Opinion used the Spearman case and a North Carolina case, Bridges v. City of Charlotte, 20 S.E.2d 825, 832
(N.C. 1942), in concluding that insurance premiums and social security payments are deferred payments of salaries. A.G. Opin. 78-224 at 558. After conducting the analysis above, and after further review, we have concluded here that the language inSpearman restricting the definition of "salary or emoluments" was dicta, and not the actual holding of the Court. Therefore, to the extent Attorney General Opinion 78-224 relies on that dicta and conflicts with this Opinion, it is hereby withdrawn.
¶ 34 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. County Commissioners determine the salaries of all countyofficers.
2. The County Budget Act, 19 O.S. 1991 and Supp. 1998 §§ 1401-1421, is a procedural code designed to be an alternative to thecounty budget procedures in Title 68, whereas the salaries andcompensation section in Title 19 at Sections 180.58 through180.83, is designed to encompass all counties. Consequently, theCounty Budget Act does not affect the question of who determinesthe salaries of county officers; county commissioners determinethe salaries of all county officers in counties which utilize theCounty Budget Act.
3. For purposes of computing the amount which may be paid tocounty officials, "salary" does not include contributions to aretirement system or fund made by the county, although thatportion which is deducted from the official's paycheck isconsidered salary. Likewise, insurance premiums, social securitypayments and deferred compensation payments are considered partof one's salary, to the extent those premiums and payments arededucted from the county officer's paycheck; to the extentportions are paid by the county, they are not considered part ofthe officer's salary.
4. To the extent Attorney General Opinion 78-224 conflicts withthis Opinion, it is hereby withdrawn.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] The section was also addressed in Senate Bill 1245 and is discussed below.
[2] Specifically, it states that "[s]ection 6, Chapter 334, O.S.L. 1993 (19 O.S. Supp. 1997, Section 180.74[19-180.74]), as amended by Section 5 of Enrolled Senate Bill No. 1245 of the 2nd Session of the 46th Oklahoma Legislature, is hereby repealed."
[3] The use of strikethroughs to indicate deletions and underlines to indicate new statutory language is the traditional method the Legislature uses in indicating modifications to an existing statute.
[4] County officers are included in the definition of "employee" under this retirement act. 19 O.S. 1991, § 957[19-957].